850 A.2d 609

In re NOMINATION PETITION OF Kerry BENNINGHOFF, (Republican) Candidate for Representative in the General Assembly from the 171st Legislative District

Appeal of Kerry Benninghoff

In re Nomination Petition of Chris Ross, (Republican) Candidate for Representative in the General Assembly from the 158th Legislative District

Appeal of Chris Ross

In re Nomination Petition of William I. Gabig, (Republican) Candidate for Representative in the General Assembly from the 199th Legislative District

Appeal of William I. Gabig.

Supreme Court of Pennsylvania.

April 1, 2004.

## ORDER

PER CURIAM.

Kerry Benninghoff (Benninghoff) is an incumbent Republican state representative from the 171st Legislative District. In filing nominating petitions to have his name placed on the ballot for the April 27th Primary Election, Benninghoff failed to list a direct source of income from his current employment as a State Representative from the 171st Legislative District in Block 10 of his Statement of Financial Interest requiring that he list all "direct and indirect sources of income." 65 Pa.C.S. § 1105(b)(5).

Benninghoff's right to have his name on the ballot was challenged by Paula F. Smith (Smith), a registered Republican and qualified elector of the 171st District. She sought to

prevent Benninghoff from appearing on the ballot because of the above referenced omission. Smith took the position that the omission is a "fatal flaw" pursuant to applicable Pennsylvania law. Benninghoff takes the position that because he is a state representative, which he disclosed in Blocks 4, 5 and 6 of the Statement of Financial Interest, it is unnecessary to identify the Commonwealth as a source of income in Block 10 of the form; in the alternative, he asserts that the omission is an amendable defect.

The Commonwealth Court decided, in a published opinion, that the subject omission was a "fatal defect" and struck Benninghoff's name from the primary ballot. *In Matter of Nomination Petition of Kerry Benninghoff*, 847 A.2d 144 (Pa.Cmwlth.2004). In a dissent, Judge Leavitt of the Commonwealth Court took the position that the State Ethics Commission had "primary jurisdiction" to decide this matter. Benninghoff has now filed a direct appeal from the Commonwealth Court's decision and a petition seeking expedited relief.

Without deciding how properly to approach jurisdiction in the first instance, this Court believes that it would be beneficial to refer this matter to the State Ethics Commission to provide it with an opportunity to assert a position regarding whether Benninghoff's omission is a fatal defect or an amendable defect.

Accordingly, it is hereby **ORDERED** as follows:

1) This matter is **TRANSFERRED** to the State Ethics Commission to provide it with the opportunity to render a disposition as to whether Benninghoff's omission constitutes an amendable or fatal defect and to provide its reasoning in support of that decision.

2) The State Ethics Commission shall issue and file a disposition with the prothonotary of this Court responding to this question on or before **12:00 Noon, April 5, 2004.**

3) The cases of *In re Nomination Petition of Chris Ross, (Republican) Candidate for Representative in the General Assembly from the 158th Legislative District–Appeal of Chris Ross*, J–111–04, No. 40 MAP 2004, and *In re: The Nomina-*

*tion Petition of William I. Gabig, (Republican) Candidate for Representative in the General Assembly from the 199th Legislative District–Appeal of: William I. Gabig,* J–113–2004, No. 42 MAP 2004, which contain the identical issue to the above-captioned action and are also pending before this Court, are **STAYED** pending completion of this process.

4) This Court retains jurisdiction over this case.

Justice CASTILLE files a Dissenting Statement in which Messrs. Justice NIGRO and SAYLOR join.

Justice CASTILLE, dissenting.

I dissent. This Court is the ultimate arbiter of the Election Code, 25 P.S. § 2600 *et seq.,* and the Public Official and Employee Ethics Act, 65 Pa.C.S.A. § 1101 *et seq.,* and the matter is ripe for disposition. I would proceed to decide this matter immediately given the pendency of the primary election. Further, I would hold that the omission here is an amendable defect since the Statement of Financial Interest Form clearly identifies Benninghoff as an incumbent State Representative. As such, Benninghoff is salaried and that salary is of public record. Therefore, I would hold that the omission of the salary information is harmless, and therefore, an amendable defect, and I would reverse the Commonwealth Court and allow petitioner's name to stay on the primary ballot.

Messrs. Justice NIGRO and SAYLOR join this dissenting statement.